## ATTORNEY GENERAL *vs.* ALGONQUIN CLUB.

Suffolk.    December 1, 2, 1891. — December 4, 1891.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Equity Practice and Pleading — Decree — Costs.*

On an information in equity for the removal of unauthorized projections from the front wall of the defendant's club-house, consisting among other things of a bay window on each side of the porch thereof flanked by an outer bay window, no evidence was taken, fact found, or argument made at the hearing as to the foundations of such windows, and a decree was entered directing the defendant within three months to remove " the said inner bays with the foundation walls sustaining the same, . . . so that the entire space between the said porch and the outer or flanking bays on each side of said porch shall be on the same face as the main front wall of the said club-house," with costs to the Commonwealth. *Held,* that the decree properly construed did not require the removal of foundations under ground, and should be affirmed.

INFORMATION IN EQUITY, at the relation of the Harbor and Land Commissioners, for the removal or alteration of certain portions of the defendant's club-house, situated upon Commonwealth Avenue in Boston, erected in violation of the restrictions in a deed from the Commonwealth under which the defendant derived its title. After the former decision, reported 153 Mass. 447, the case was heard by *Morton,* J., upon an application by the plaintiff to settle the form of the decree.

The evidence of an expert was introduced tending to show that to complete the proposed alterations in the club-house would require from three to four months. It also appeared in evidence, against the plaintiff's objection, that on May 8, 1891, an application was made to the Legislature to suspend the enforcement of any decree that might be entered against the defendant with-

out waiving any of the Commonwealth's rights in the premises, but that this application, and a resolve framed in accordance therewith, were referred to the next General Court.

The judge ordered a final decree to be entered, by which the defendant was ordered, within three months and at its own expense, and in accordance with certain plans and specifications furnished by it under an order of the court, to remove and alter, among other things, certain portions of its club-house, " as set forth in the said plans and specifications and in conformity thereto, viz. in the manner following, to wit: The solid walls, or ' screens,' so called, which close in front the triangular spaces between the two bay windows on each side of the porch, and between the porch and the inner bays, on the first or basement story of the said building, and which form, in conjunction with the front walls of said bays and porch, a continuous basement front, and also the said inner bays with the foundation walls sustaining the same, and also the balconies over the said triangular spaces and over the said inner bays, are to be removed so that the entire space between the said porch and the outer or flanking bays on each side of said porch shall be on the same face as the main front wall of the said club-house." The decree also ordered the defendant to pay the costs of the suit. The defendant thereupon appealed to the full court.

*G. Putnam,* for the defendant, contended that the decree directed the removal of the foundations as well as the superstructures of the inner bay windows, and, no objections to such foundations having been raised at any previous stage of the case, so much of the decree as related thereto was erroneous, and should be stricken out; that time should be afforded the defendant to see whether the General Court would pass upon the question whether the Commonwealth would not be content with a declaration of its rights, and refrain from insisting that the alterations should be carried out; and that in a case of this kind the costs should not be given to the Commonwealth.

*H. N. Shepard,* for the Attorney General.

HOLMES, J. We express no opinion as to whether the restrictions in the Commonwealth's deeds apply to foundations under ground, because we are of opinion that the decree, properly construed, does not purport to require foundations under-

ground to be removed. The words, "the said inner bays with the foundation walls sustaining the same . . . are to be removed," are limited by the words "so that the entire space . . . shall be on the same face as the main front wall," which declare the end, and the only end, to be accomplished. To remove all doubt, the decree may be modified by inserting, after "foundation walls sustaining the same," the words "if any above the surface of the ground."

It is quite true, and it fairly is to be inferred from the report and plans, that at the hearing on the merits no evidence was taken, fact found, or argument made as to the foundations, and we should be slow to read the decree as embracing other projections than those brought to the attention of the court at the proper time. The defendant is so far justified in its appeal, that there was perhaps reasonable ground to apprehend that the decree had a more extensive meaning. But there is nothing in the present situation or in the defendant's past conduct to make the granting of delay proper. We shall allow the time allowed by the original decree, three months from the date of the rescript, and the decree of the full court. We perceive no reason why costs should not follow the event.       *Decree affirmed.*